[Civ. No. 670. Fourth Appellate District.—July 6, 1933.]

JESSIE LEE TOLER, Appellant, v. S. M. SMITH et al., Respondents.

C. A. Stice for Appellant.

Head, Wellington & Jacobs, W. S. Knott and J. H. Ardis for Respondents.

ANDREWS, J., *pro tem.*—This appeal is from a judgment quieting title of defendants, involving the division line between lands of the parties.

1. The principal question argued in the briefs is whether the evidence given at the trial supports the findings and judgment. Plaintiff discusses at length the facts developed at the trial bearing upon the location of different

fences and landmarks and the question of the true line between the lands of the parties and whether some different line than the original dividing line should be established, due to adverse possession. The transcript discloses that much evidence was introduced upon both sides upon all the bearings relating to the proper dividing line to be established and the holdings of land to be settled with reference thereto, and the case comes undoubtedly within the often-repeated rule that there is substantial evidence supporting the finding of the trial court.

2. The other question adverted to very briefly in the briefs submitted is the legality of the certificate of title issued in proceedings instituted under the Land Title Act and the question as to whether the court had jurisdiction to make such certificate valid. The only evidence which appears in the transcript or which is before this court is this certificate, there being no judgment-roll or other record of the proceedings out of which the certificate was issued. The transcript indicates that the judgment-roll was offered in evidence, indeed all the proceedings were offered in evidence, and were to be passed upon as to what part of the record could be admitted as judgment-roll, but whatever was finally considered by the court in arriving at its conclusion was not made a part of the return to this court. That issue, then, rests upon the certificate alone, and being the result of a final adjudication of a court of general jurisdiction, the proceedings and jurisdiction upon which the judgment and certificate would depend will be presumed to be sufficient and a part of the record. This makes it necessary to affirm the judgment of the trial court upon this issue.

These being the only two issues involved, the judgment of the trial court is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 1, 1933.